IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Albert F. Morrison, #06857-084, ) | CIVIL ACTION NO: 9:08-2948-HFF-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| John R. Owen, Warden FCI Williamsburg, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This action has been filed by the Plaintiff, pro se, pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1]  Plaintiff is an inmate at the United States Penitentiary in Florence, Colorado, but at the time this action was filed was an inmate at Federal Correctional Facility Williamsburg in Salters, South Carolina.  Plaintiff alleges that his constitutional rights were violated by the Defendant while he was incarcerated at FCI Williamsburg.

The Defendant filed a motion to dismiss pursuant to Rule 12(b), Fed.R.Civ.P., on February 20, 2009.  As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on February 23, 2009, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response.  Plaintiff was specifically advised that if he failed to adequately

---

[1]This action was originally filed by three (3) inmates in a Complaint styled "Writ of Habeas Corpus".  The pleading was interpreted as a Bivens action, and the original pleadings were separated into three separate civil action numbers for each named Plaintiff.



respond, the Defendant's motion may be granted, thereby ending his case.

Plaintiff filed a motion for extension of time to respond on March 4, 2009, which the Court found to be moot by virtue of the Roseboro order previously entered. See Court Docket Nos. 28 and 29. Plaintiff's response to the motion to dismiss was due by March 30, 2009; however, on April 1, 2009, the Court received a second motion from the Plaintiff seeking an extension of time to respond. That motion was granted on April 3, 2009. Plaintiff was given an additional thirty days to respond to the motion to dismiss, with Plaintiff's new response date being May 4, 2009. This additional period of time has now expired, with Plaintiff still not having submitted any memorandum or other material in opposition to the Defendant's pending motion, which is now before the Court for disposition.[2]

**Discussion**

When considering a motion to dismiss pursuant to Rule 12(b), the Court is required to "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the Plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Southmark Prime Plus L.P. v. Falzone, 776 F.Supp. 888, 890 (D.Del. 1991); (quoting Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3rd Cir. 1991)).[3] Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendant has filed motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]Defendant's motion should technically have been filed under Rule 12(c), Fed.R.Civ.P. However, the applicable legal standard is the same. Spruill v. Gillis, 372 F.3d 218, 223, n. 2 (3d Cir. 2004).



the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  As the Plaintiff is proceeding pro se,  his pleadings are considered pursuant to this liberal standard.  However, even though summary dismissal of a case pursuant to Rule 12 is disfavored, Cardio-Medical Associates Ltd. V. Crozer-Chester Medical Center, 536 F.Supp. 1065, 1072 (E.D.Pa. 1982), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

Here, the record before the Court shows that Plaintiff was sentenced on March 15, 2001 to a one hundred and twenty month term of imprisonment by the United States District Court for the Western District of Virginia for being a felon in possession of a firearm.  18 U.S.C. § 924(E)(1). See Defendant's Exhibit 1.  Plaintiff was incarcerated at FCI Williamsburg from July 27, 2007 to November 26, 2008.  Plaintiff complains about loss of privileges at FCI Williamsburg while he was in administrative detention, as well as the conditions he was subjected to, including general abuse, inadequate food and clothing, and that he was denied proper medical care.  See, "Statement of Facts".  The Defendant John Owen is the Warden at FCI Williamsburg.

Defendant asserts in support of dismissal of this action, inter alia, that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit.  Pursuant to 42 U.S.C. § 1997(e)(a), federal prisoners are required to exhaust their administrative remedies prior to filing civil lawsuits.  See Booth v. Churner, 532 U.S. 731 (2001); Jones v. Bock, 549 U.S. 199, 211 (2007)["Exhaustion is mandatory under the PLRA [Prison Litigation Reform Act] and . . . unexhausted claims cannot be brought in Court"]; see also Porter v . Nussle, 534 U.S. 516, 524



(2002)[exhaustion required for all actions brought with respect to prison conditions]. Hence, before Plaintiff could bring this lawsuit, he was required to first exhaust available prison remedies.

The Federal Bureau of Prisons (BOP) has a detailed grievance process which allows prison inmates to pursue administrative remedies for their grievances. See 28 C.F.R. § 542.10, et. seq. This administrative process operates as follows:

> An inmate may complain about any aspect of his confinement by first seeking to informally resolve the complaint at the institution level. 28 C.F.R. §542.13. If the matter cannot be resolved informally, the inmate may file a formal written complaint to the warden. 28 C.F.R. §542.14. The matter will be investigated, and a written response provided to the inmate. Id. If dissatisfied with the response, the inmate may appeal to the Regional Director. 28 C.F.R. §542.15(a). If dissatisfied with the regional response, the inmate may appeal to the General Counsel. Id. Appeal to the General Counsel is the final level of agency review. 28 C.F.R. §542.15(a). With respect to challenges to inmate disciplinary actions, the initial appeal is filed at the regional level, bypassing the informal and institutional levels. See 28 C.F.R. §542.14(d)(2). A claim has not been administratively exhausted until it has been filed with the General Counsel. Administrative complaints must be filed within 20 days of the date of incident giving rise to the complaint occurred. 28 C.F.R. §542.14(a).

See Defendant's Brief, p. 5; see also 28 C.F.R. §542.10, et seq.

The Defendant has the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, supra. To meet this burden, the Defendant has submitted an affidavit from Tami Cassaro, Supervisory Attorney for the Consolidated Legal Center at FCI Edgefield, South Carolina.[4] Cassaro attests that her duties include researching

---

[4]Plaintiff has also submitted a number of exhibits as attachments to his Complaint, which have also been considered. To the extent the Court's consideration of these materials requires a review of Defendant's motion under the standards of a Rule 56 motion for summary judgment, the
(continued...)

- 4 -



logs and records maintained by the BOP concerning administrative remedies. Cassaro further attests that she conducted a diligent search of the administrative remedy records maintained by the BOP, which reveal that Plaintiff filed an administrative remedy on October 10, 2008 at FCI Williamsburg alleging that a staff member taunted and treated him unprofessionally while he was housed in the special housing unit. This administrative remedy was denied on October 24, 2008, and Cessaro attests that Plaintiff never filed an appeal of this decision at the regional or national level, nor did he attempt to do so. Cessaro further attests that Plaintiff has not filed any other administrative remedies regarding the claims set forth in the Complaint. See generally Cessaro Affidavit.

As previously noted, Plaintiff has filed no opposition or arguments to set forth any basis on which to deny the Defendant's motion to dismiss.[5] Therefore, based on the evidence submitted, even accepting the allegations in Plaintiff's complaint to be true, dismissal of this case is warranted. Cf. Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"]; see also Harvey v. City of Philadelphia, 253 F.Supp.2d at 829 [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge defendants'

---

[4](...continued)
undersigned finds that to be proper where Plaintiff has received notice of these filing and the appropriate Roseboro instructions. Cf. LaSalle Parish School Bd. v. Allianz Global Risks U.S., No. 07-399, 2008 WL 1859847, at * 1-2 (W.D.La. April 24, 2008); Curry v Mazzuca, No. 05-1542, 2006 WL 250487, at * 4-5 (S.D.N.Y. Feb.2, 2006); see also Spruill, 372 F.3d 223 [documents relating to issue of exhaustion may be considered when considering a motion to dismiss]; Baylis v. Taylor, 475 F.Supp.2d 484, 488 (D.Del. 2007).

[5]None of the Exhibits attached to Plaintiff's Complaint or "Statement of Facts" address this issue.



evidence that he did not pursue his administrative remedies]. Therefore, this case should be dismissed. <u>Booth</u>, 532 U.S. at 741; <u>Hyde</u>, 442 S.E.2d at 583; 42 U.S.C. § 1997e(a).

## **Conclusion**

Based on the foregoing, it is recommended that the Defendant's Motion be **granted**, and that this case be **dismissed**, without prejudice, for failure of the Plaintiff to exhaust his administrative remedies.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

May 15, 2009
Charleston, South Carolina

- 6 -



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



- 7 -