

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
DIVISION

| | | |
|---|---|---|
| ALBERT F. MORRISON, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 9:08-2948-HFF-BM |
| | § | |
| JOHN R. OWEN, Warden FCI Williamsburg, | § | |
| Defendant. | § | |

=================================================================
ORDER
=================================================================

## I.      INTRODUCTION

This is a *Bivens* action.  Plaintiff is proceeding pro se.  The matter is before the Court for

consideration of Defendant's motion to dismiss as well as the Report and Recommendation (Report)

of the United States Magistrate Judge suggesting that Defendant's Motion be granted, and that the

case be dismissed, without prejudice, for failure of Plaintiff to exhaust his administrative remedies.

The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District

of South Carolina.

In regards to its consideration of the motion to dismiss, the Court follows the same standard

set forth in pages two and three of the Report.  As for its review of the Report, the Court notes that

the Magistrate Judge makes only a recommendation to this Court.  The recommendation has no

presumptive weight.  The responsibility to make a final determination remains with the Court.

*Mathews v. Weber*, 423 U.S. 261, 270 (1976).  Ordinarily, the Court is charged with making a de

novo determination of only those portions of the Report to which specific objection is made, and the

Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). In this instance, however, inasmuch as the Court is reviewing Plaintiff's response to the motion to dismiss in the first instance, it has made a de novo review of the entire Report and record.

## II.     PROCEDURAL HISTORY

Given the history of this case, a brief recitation of the relevant docket entries is appropriate.

**August 12, 2008**     Plaintiff's action was received by the Clerk of Court.

**February 20, 2009**     Defendant filed a motion to dismiss in this action.

**February 23, 2009**     A *Roseboro* Order was filed in this case directing the Clerk to provide Plaintiff with directions to respond to Defendant's motion by March 30, 2009.

**March 4, 2009**     The Clerk entered Plaintiff's motion for an extension of time to file his response to Defendant's motion. Plaintiff also asked the Magistrate Judge to provide an order that he be allowed additional time to use the law library.

**March 6, 2009**     The Magistrate Judge found Plaintiff's motion for an extension of time to be moot. He also denied Plaintiff's motion for an order directing the warden to give Plaintiff more time than is allowed under prison policy.

**April 1, 2009**     The Clerk entered Plaintiff's second motion for an extension of time to file a response to Defendant's motion. In the motion, Plaintiff states that he needs more time because of

> the modified lock down status . . . and the limited
> time allowed at the law library . . . The Plaintiff

further states that he does not have [ac]cess to certain documents [because] his property that was ship[p]ed from the Williamsburg Federal Correctional Institution does not contain all of the legal documents such as the administrative remedies as to which he filed and those said documents are not in his possession[.]

(Motion for Extension of Time 1.) Plaintiff also requests that "C. Synsvoll being the Supervising Attorney here a[t] U.S.P. Florence Colorado be ordered to furnish [P]laintiff with [ac]cess to Plaintiff[']s complete file. *Id.* at 2.

**April 3, 2009**     The Magistrate Judge granted Plaintiff's motion for an extension of time to file his response to Defendant's motion, giving him an additional thirty days.

**April 13, 2009**     Defendant filed a response in opposition to Plaintiff's motion for an extension of time. The affidavit of J. Kratzberg, Correctional Counselor at USP Florence is attached to the response. The affidavit states, in relevant part, as follows:

> 3. A review of inmate Morrison's property records reveals all the property received by USP Florence, from FCI Williamsburg for inmate Morrison has been issued to him. Inmate Morrison alleges some of his property from his previous institution is missing. Inmate Morrison was advised to file an administrative claim for damages under the Federal Tort Claims Act regarding any missing property.
> 4. Inmate Morrison has access to his Central File if he submits a written request to me. I received one such request from inmate Morrison. I allowed him access to review his Central File.
> 5. A review of SENTRY indicates inmate Morrison was assigned to the Education Department from March 4, 2009, to March 30, 2009 to work on his legal

3

matters. If inmate Morrison needs additional time to work on an imminent court deadline, he may submit a request to the Supervisor of Education to be assigned to the Education Department to work on his legal matters.

6. Based on the Motion for an Extension of Time filed by inmate Morrison, it appears he is looking for copies of his administrative remedies. Such copies are not maintained in an inmate's central file. The original signed copy of an administrative remedy is forwarded to the inmate and a copy is maintained by the office where it was filed.

7. A further review of SENTRY indicates inmate Morrison has only filed three administrative remedies since he has been in the custody of the Federal Bureau of Prisons. I am informed that only one of these remedies pertains to the above-captioned case. Although inmate Morrison should have a copy of the document, I am providing a true and accurate copy of the administrative remedy with this declaration which I obtained from the originating institution, as Attachment 1.

(Response in Opposition, Exhibit 1.) Plaintiff's Request for an Administrative Remedy is dated October 2, 2008.

**May 21, 2009**     The Magistrate Judge filed a Report in this action suggesting that Defendant's motion to dismiss be granted and that this case be dismissed, without prejudice, for failure of Plaintiff to exhaust his administrative remedies.

**June 2, 2009**     The Clerk of Court entered Plaintiff's objections to the Report. In the objections, Plaintiff stated, among other things, that someone had taken the motion to dismiss from him and, thus, he was unable to file a response. (Objections 2.) Plaintiff also stated that he would "be able to produce documents of administrative remedies as to which he filed that were later

4

mailed to his sister Ava O'Dell for safekeeping and also to Congressman Alan B. Mollah an." *Id.*

| | |
|---|---|
| **June 2, 2009** | The Court directed the Clerk of Court to mail a copy of Defendant's motion to dismiss to Plaintiff. Plaintiff was given until July 2, 2009, to file his response to the motion. |
| **July 6, 2009** | The Clerk entered Plaintiff's response to the motion to dismiss. |

## III.   DISCUSSION

In Plaintiff's response to the motion to dismiss, he contends that he has been unable to obtain his legal papers. But, the only documents currently at issue are any documents relating to the exhaustion of his administrative remedies. And, despite Plaintiff having received two extensions of time to file a response, Plaintiff has failed adequately to rebut the assertion that he has failed to exhaust his administrative remedies.

After the Report was entered, Plaintiff represented that his sister had copies of documents of administrative remedies that he could produce. However, he has failed to provide those documents to the Court or even to represent how they may be relevant to show that he properly pursued his administrative remedies.

Defendant, on the other hand, has produced two sworn affidavits to show that Plaintiff has not properly exhausted his administrative remedies. (Ct. Doc. # 25-2 (Cassero Affidavit) and Ct. Doc. #33-2 (Kratzberg Affidavit).) Both of these affidavits refer to Plaintiff's Request for an Administrative Remedy dated October 2, 2008, which pertains to this case, alleging that a staff

member taunted and treated Plaintiff unprofessionally.* Plaintiff's request was denied on October 24, 2008. A copy of this administrative remedy has been filed with the Court and provided to Plaintiff. There is no evidence in the record that Plaintiff appealed this decision.

To properly exhaust his administrative remedies, Plaintiff must have pursued his administrative remedies prior to filing this lawsuit, which was filed on or about August 12, 2008. But, as already observed, the Request for an Administrative Remedy signed by Plaintiff is not dated until October 2, 2008. Therefore, because Plaintiff did not submit his request for an administrative remedy until after this lawsuit was filed, it appears that he neglected to properly pursue his administrative remedies. *Booth v. Churner*, 532 U.S. 731, 733-734 (2001) ("The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e(a), which now requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions.")

Simply stated, because Plaintiff has failed to file an adequate response to the assertions that he did not properly exhaust his administrative remedies, nor has he even alleged how he exhausted (or even attempted to exhaust) his administrative remedies, the undersigned finds that the case should be dismissed, without prejudice.

## IV.    CONCLUSION

Wherefore, after a thorough de novo review of the Report and the record in this case, the Court overrules Plaintiff's objections to the motion to dismiss, adopts the Report to the extent that it does not contradict this Order, and incorporates it herein. Hence, it is the judgment of this Court

---

*Ms. Cassaro's reference to an October 10, 2008, administrative remedy in her affidavit appears to be a scrivener's error.

that Defendant's motion be **GRANTED**, and that this case be **DISMISSED**, without prejudice, for failure of Plaintiff to exhaust his administrative remedies.

The Clerk is directed to send Plaintiff a *Bivens* packet so that he may refile this suit, if he wishes to do so, once he has exhausted his administrative remedies.

**IT IS SO ORDERED**.

Signed this 13th day of August, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.